**FENNEMORE CRAIG P.C.**
Shannon S. Pierce, Esq.
Nevada Bar No. 12471
Austin Slaughter
Nevada Bar No. 15645
7800 Rancharrah Parkway
Reno, NV 89511
Telephone: (775) 788-2200
Facsimile: (775) 786-1177
e-mail: spierce@fennemorelaw.com
Attorneys for Defendant
*Desert Palace, LLC dba Caesars Palace Hotel and Casino*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID A. VASQUEZ, an individual;<br><br>Plaintiff,<br><br>v.<br>DESERT PALACE, LLC, a Domestic Limited Liability Company, d/b/a CAESARS PALACE,<br><br>Defendant. | CASE NO. 2:24:CV-00663-RFB-MDC<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 26 (f)**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

**SPECIAL SCHEDULING REVIEW REQUESTED: __ YES _x_ NO**

Shannon Pierce, Esq. of Fennemore Craig, P.C., on behalf of Defendant Desert Palace, LLC and Kristina S. Holman, Esq. of Holman Law Office on behalf of David A. Vasquez, hereby submit and stipulate to the following Discovery Plan and Scheduling Order pursuant to the Federal Rules of Civil Procedure (hereinafter, "FRCP") 26 and Local Rule ("LR") 26-1(b), *et seq*.

**I.**

**INFORMATION REQUIRED BY FEDERAL RULE 26(F)**

**A. Initial Disclosure and Conference of the Parties** – On July 10, 2024, counsel for the parties met and conferred pursuant to FRCP 26(f) and LR 26-1(a). On **July 10, 2024,** Defendant Desert Palace, LLC filed its responding pleading(s). Pursuant to FRCP 26(a)(1), each party anticipates serving its initial disclosures by **July 24, 2024**. The parties will physically exchange their disclosures, *i.e.*, send them either via electronic format such as email or mail a

copy of the documents to opposing counsel. The disclosures shall be sequentially numbered, with each side using their unique "bates-stamp" numbering identification system. As it relates to discovery, whether issued or responded to, the parties shall upon request exchange Microsoft Word or Word Perfect copies, rich text format, or text format, of their requests, to facilitate the just, speedy and inexpensive determination of this proceeding, as envisioned by FRCP 1. The parties further agree that discovery may be served upon the other side via electronic means (*i.e.*, email) to the email addresses then on file with the Court's CM/ECF filing system (referred to as "e-service"). Where discovery is served via e-service, the parties shall not be entitled to the benefit of the "three days" mailing rule applicable to discovery served by U.S. mail.

**B. Scope of Discovery** – The parties agree that, consistent with FRCP 26 and the Local Rules, discovery may be conducted regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the factors set forth in FRCP 26(b)(1). The parties do not presently believe that any changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules. Discovery need not be conducted in phases or limited to or focused on particular issues at this point.

**C. Timing, Form, or Requirements for Disclosures** – The parties have conferred and agree that the timing of disclosures should be scheduled in accordance with the schedule set forth below.

**D. Electronically Stored Information** – The parties do not believe there will be any issues concerning disclosure or discovery of electronically stored information or the form in which it should be produced. If a dispute arises, the parties will meet and confer to attempt to reach informal resolution before raising such issues with the Court.

**E. Privilege and Protective Orders** – At present, the parties do not believe there will be any issues concerning claims of privilege or protection of trial preparation materials. The parties agree to be bound by the Federal Rules of Evidence 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each is taking

reasonable steps to identify and prevent disclosure of any document which they believe is privileged, given the volume and nature of material being exchanged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return and no longer retain the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

The parties further agree to file a proposed Protective Order governing the production of any confidential or otherwise sensitive information that may be exchanged in discovery.

**F. Request Orders** – No orders are requested to be entered pursuant to FRCP 26(c), 16(b), or 16(c) at this time, other than those included in this Stipulation or the Local Rules.

**G. Certifications Pursuant to LR 26-1(b)(7), (b)(8), (b)(9)** – The Parties certify that they met and conferred about the possibility of using alternative dispute resolution processes, as required by LR 26-1(b)(7). The parties are of a mutual understanding that an Early Neutral Evaluation ("ENE") has been scheduled in this case. Pursuant to LR 26-1(b)(8), the parties further certify that they each considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and FRCP 73 and the use of the Short Trial Program (General Order 2013-01). Pursuant to LR 26-1(b)(9), the parties further certify that they have conferred about whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties stipulate that where evidence is available in electronic format compatible with the court's electronic jury evidence display system, the parties will produce such evidence to one another in

such electronic format, rather than in hard copy, during discovery. The parties further stipulate that to Bates stamp any evidence produced in electronic format, such electronic evidence will be produced on a Bates-stamped CD, DVD, or USB Drive such that the parties may refer to a Bates stamp when preserving any such evidence at trial.

## II.

## INFORMATION REQUIRED BY LOCAL RULE 26-1(B)

**A.** LR 26-1(b)(1)

**DISCOVERY CUT-OFF DATE**

On **April 5, 2024,** Plaintiff filed his Complaint. Defendant filed its responsive pleading on **July 10, 2024.**

The parties believe discovery will take approximately one hundred eighty (180) days. Pursuant to LR 26-1(b)(1), the discovery cut-off, unless extended by further order of this Court, shall therefore be **January 6, 2025**. This does not exceed the presumptive limit set by Rule.

**B.** LR 26-1(b)(2)

**AMENDING PLEADINGS, ADDING PARTIES**

The last day to file motions to amend the pleadings or add parties shall be **October 8, 2024**, 90 days before the discovery cut-off date.

**C.** LR 26-1(b)(3)

**FRCP 26(a)(2) EXPERT WITNESS DISCLOSURES**

Disclosures of expert witnesses shall be made at least sixty (60) days prior to the close of discovery (*i.e.*, on or before **November 7, 2024**) and disclosures of rebuttal experts shall be made by not later than thirty-two (32) days thereafter (*i.e.*, on **December 9, 2024**, as the 30th day after, December 7, 2024, is a Saturday).

**D.** LR 26-1(b)(4)

**DISPOSITIVE MOTIONS**

Dispositive motions shall be filed by not later than thirty (30) days after the discovery cut-off date; *i.e.*, on or before **February 5, 2025.**



**E.** LR 26-1(b)(5)

**PRETRIAL ORDER**

The Joint Pretrial Order shall be filed by not later than thirty (30) days following the deadline for dispositive motions set forth above; *i.e.*, by not later than **March 7, 2025**, unless a dispositive motion is filed (in which case, the Joint Pretrial Order shall be due by on or before the thirtieth (30th) day following decision of the dispositive motion or further order of the Court).

**F.** LR 26-1(b)(6)

**FRCP 26(a)(3) PRETRIAL DISCLOSURES**

The pretrial disclosures required by FRCP 26(a)(3) shall be included in the Joint Pretrial Order. To facilitate the same and allow for objections to be included in the order, the parties agree to exchange drafts of these disclosures ten (10) days before the Joint Pretrial Order is due – currently by **February 25, 2025**.

(It is understood that, pursuant to FRCP 6(1)(C), if any of the above deadlines is a Saturday, Sunday, or legal holiday, the deadline continues to the next day that is not a Saturday, Sunday, or legal holiday).

**III.**

**ADDITIONAL DEADLINES**

The Parties further stipulate that any request for extensions of the deadlines set forth in

//

//

//

//

//

//

//

//

this Stipulated Discovery Plan and Scheduling Order will be submitted at least twenty-one (21) days prior to the deadline at issue, unless for good cause shown.

**IT IS SO STIPULATED.**

DATED: July 10, 2024

**HOLMAN LAW OFFICE**

By: */s/ Kristina S. Holman*
Kristina S. Holman, Esq.
Nevada State Bar No. 3742
8275 S. Eastern Ave.
Suite 215
Las Vegas, NV 895123
kholman@kristinaholman.com

*Attorney for Plaintiff*
*David A. Vasquez*

**FENNEMORE CRAIG, P.C.**

By: */s/ Shannon S. Pierce*
Shannon S. Pierce, Esq.
Nevada State Bar No. 12471
Austin Slaughter, Esq.
Nevada State Bar No. 15645
7800 Rancharrah Parkway
Reno, Nevada 89511
Tel: (775) 788-2200 / Fax: (775) 786-1177
spierce@fennemorelaw.com
aslaughter@fennemorelaw.com

*Attorneys for Defendant*
*Desert Palace, LLC*

**IT IS SO ORDERED.**

DATED: 7-11-24

U.S. MAGISTRATE JUDGE